UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $9,815.00 IN U.S. CURRENCY,<br><br>  Defendant.<br>_____/ | CASE NO. 1:13-cv-00145-LJO-SKO<br><br>**FINDINGS & RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE BE GRANTED**<br><br>**(Doc. 10)** |

### I.  INTRODUCTION

On May 22, 2013, Plaintiff United States of America (the "Government" or "Plaintiff") filed a motion for default judgment and for final judgment of forfeiture in this *in rem* forfeiture action. (Doc. 10.)  No opposition to the Government's application has been filed, and the time to file an opposition has expired.  The Court has reviewed the motion and supporting documentation and finds this matter suitable for decision without oral argument pursuant to Local Rule 230(g); thus, the June 19, 2013, hearing is VACATED.  For the reasons set forth below, the Court RECOMMENDS that Plaintiff's application for default judgment and for final judgment of forfeiture be GRANTED.

1

## II.     FACTUAL BACKGROUND

Plaintiff's complaint, filed on January 30, 2013, alleges that on August 20, 2012, a Sherriff's Deputy (the "Deputy") activated the overhead lights on the patrol car to initiate a traffic stop of a silver Jaguar sedan traveling east on Ashlan Avenue in Fresno, California, after observing the vehicle was occupied by David Medina ("Medina"), who had active warrants for his arrest. (Doc. 1, ¶ 6.)  Medina turned onto Sunnyside Avenue and the Deputy noticed Medina reach towards the passenger side floor board. (Doc. 1, ¶ 7.)  Medina then turned west and pulled over the car. (Doc. 1, ¶ 7.)  The Deputy approached the driver's side and ordered Medina out of the car, explaining he needed to check on Medina's outstanding warrants. (Doc. 1, ¶ 8.)  At that time, the Deputy noticed a strong scent of marijuana coming from inside the vehicle, and observed two different license plates on the vehicle. (Doc. 1, ¶ 8.)  Through a records check, the Deputy confirmed that Medina had three active warrants for his arrest and arrested him without incident. (Doc. 1, ¶ 8.)

Once Medina was placed under arrest, the Deputy asked him why he had been moving so much at the time of the traffic stop; Medina replied angrily that he did not know what the Deputy was talking about. (Doc. 1, ¶ 9.)  The Deputy then asked Medina if he had any drugs or weapons in his possession.  (Doc. 1, ¶ 9.)  Medina responded, "You're going to find out anyway." (Doc. 1, ¶ 9.)  The Deputy began to search Medina and found a zip lock bag containing a substance later identified as marijuana. (Doc. 1, ¶ 10.)  In the same pocket, the Deputy found approximately $9,815.00 ("defendant currency") which was folded and wrapped with a rubber band. (Doc. 1, ¶ 10.)  The Deputy asked Medina how much money was in the bundle; Medina estimated it contained $10,000 to $11,000.  (Doc. 1, ¶ 10.)  The Deputy then asked Medina the source of the money and about Medina's employment; Medina told the Deputy he had the money "because he was Indian" and that he was unemployed. (Doc. 1, ¶ 10.)[1]

---

[1] The Employment Development Department has no history of employment for David Medina. (Doc. 1, ¶ 15.)

When the Deputy questioned whether there were any drugs under the hood of his vehicle, Medina replied, "You're gonna look anyway." (Doc. 1, ¶ 11.) The Deputy had Medina's car towed to a more secure location and conducted a search of the vehicle which led to the discovery of a half-burned marijuana cigarette between the driver's seat and the center console. (Doc. 1, ¶ 12.) Under the center console, the Deputy found an ice pick, which was stored in a manner that concealed the sharp point of the weapon while allowing for easy access to the handle portion from the driver's seat of the vehicle. (Doc. 1, ¶ 12.) Under the hood of the vehicle, the Deputy discovered a black coin purse that contained three plastic bags. (Doc. 1, ¶ 12.) Each bag contained a crystal-like substance which the Deputy recognized as crystal methamphetamine. (Doc. 1, ¶ 12.) The Deputy showed Medina the coin purse and estimated the amount of methamphetamine it contained; Medina responded it contained "less than an ounce." (Doc. 1, ¶ 13.) A Narcotics Identification Kit confirmed the contents were methamphetamine, and weighed approximately 19 grams. (Doc. 1, ¶ 14.)

On January 30, 2013, Medina was charged in Fresno County Superior Court, case number F12905801, for violations of California Health & Safety Code Sections 11378 – Possession of a Controlled Substance for Sale, 11379(A) – Transport of a Controlled Substance, and other related charges. (Doc. 1, ¶ 16.)

### III.   PROCEDURAL BACKGROUND

On January 30, 2013, the Government filed a civil action for forfeiture *in rem* of the defendant, approximately $9,815.00 in currency, pursuant to 21 U.S.C. § 881(a)(6). (Doc. 1). On February 22, 2013, the Court issued a Warrant for Arrest of Articles *In Rem* for the defendant currency. (Docs. 3, 4.)

On February 25, 2013, copies of the Complaint, Application and Order For Publication, Order Re Issuance of Clerk's Arrest Warrant, Warrant for Arrest of Articles *In Rem*, Order Setting Mandatory Scheduling Conference, Standing Order in All Civil Cases Assigned to District Judge Lawrence J. O'Neill, Notice of Availability of Magistrate Judge, Notice of Availability of Voluntary Dispute Resolution, and notice-of-forfeiture letter dated February 25, 2013, ("the case documents") were sent via first class mail and certified mail to Medina's last

known address, 1428 N. 8th Street in Fresno, California, 93703-4209. (Doc. 7-1, Magee Decl., ¶ 6.) On the same day, copies of the case documents were sent via first class mail and certified mail to Daniel K. Martin, Esq., who had filed a claim on behalf of David Medina in the administrative forfeiture action. (Doc. 7-1, Magee Decl., ¶ 6.)

On February 27, 2013, Notice of Civil Forfeiture was posted via the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days. (Doc. 5.)

On March 19, 2013, the United States Attorney's Office received the returned certified mail that was sent to Medina's last known address; it was marked unsigned and "Unclaimed." (Doc. 7-1, Magee Decl., ¶ 6.)

Medina failed to file a claim, answer, plead, or otherwise defend the action within the time allowed by law. Accordingly, on April 19, 2013, the Government filed a motion for default judgment against Medina, seeking the entry of a Final Judgment of Forfeiture vesting all right, title, and interest in the defendant currency to the United States. (Doc. 7.)

## IV.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 55 provides that a court has discretion to enter default judgment against a party after the clerk has entered the party's default. In considering whether to enter default judgment, courts consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the compliant; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cit. 1986).

In the context of an *in rem* forfeiture action, a court considering default judgment should also consider the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983; the Federal Rules of Civil Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rules"); and the court's Local Rules for Admiralty and *in rem* actions. *See United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir.

1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules), *superseded by statute on other grounds*.

B.      **Procedural Requirements**

      1.      **Sufficiency of the Complaint**

Pursuant to the Supplemental Rules, the Government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp. R. G(2).  With regard to the sufficiency of the factual detail of the verified complaint, the Government is not required to show a relationship between the proceeds of a drug crime and a specific drug transaction.  Rather, circumstantial evidence may support the forfeiture of the proceeds of a drug crime.  *See United States v. $30,670.00*, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that the totality of the circumstances demonstrated that an airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of the circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

The Government contends that the verified complaint establishes circumstantial evidence that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance or listed chemical and is subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6).  Pursuant to Section 881, the following is subject to forfeiture to the United States:

> (6)      All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

Here, the allegations of the verified complaint indicate that the Deputy recognized Medina, who had multiple warrants for his arrest. (Doc. 1, ¶ 6.) The Deputy activated his lights and initiated a stop of Medina. (Doc. 1, ¶ 6.) When standing next to the driver's door, the Deputy noticed a strong marijuana odor coming from inside the vehicle and two different license plates affixed to the vehicle. (Doc. 1, ¶ 8.) The Deputy conducted a records check which indicated there were in fact three arrest warrants issued for Medina. (Doc. 1, ¶ 8.) The Deputy arrested Medina, and searched Medina's pockets, and located a ziplock bag of marijuana and folder, rubber band cash, which Medina indicated amounted to $10,000 to $11,000. (Doc. 1, ¶¶ 8-10.) The Deputy had the vehicle towed to a secure location and during the subsequent search of the vehicle, the Deputy discovered a half burned marijuana cigarette between the driver's seat and center console, an ice pick near the driver's floorboard, and under the hood of the vehicle, the deputy found a small black coin purse that was found to contain nineteen grams of methamphetamine. (Doc. 1, ¶¶ 12, 14.) Based on these allegations in the verified complaint, there is sufficient circumstantial evidence to reasonably believe that the defendant currency constitutes "moneys" furnished or intended to be furnished in exchange for a controlled substance or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

### 2. Notice by Publication

Subject to certain exceptions not present here, the Supplemental Rules require the Government to publish notice of the forfeiture in a manner that is reasonably calculated to notify potential claimants of the action. Fed. R. Civ. P. Supp. R. G(4)(a)(iv). The content of the notice must describe the property with reasonable particularity, state the times to file a claim and to answer the complaint, and identify the name of the government attorney to be served with the claim and answer. Fed. R. Civ. P. Supp. R. G(4)(a)(ii)(A)-(C). This notice requirement may be satisfied by posting a notice on an official internet government forfeiture site for at least 30 consecutive days. Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).

Here, publication occurred on the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days.  (Doc. 5.)  The Government filed a Declaration of Publication stating that notice had been created and published on the forfeiture website for 30 days, beginning on February 27, 2013.  (Doc. 5.)  A copy of the notice was attached to the Declaration of Publication, and it described the property with reasonable particularity by the amount of the defendant currency.  (Doc. 5, p. 3.)  The notice clearly stated the time requirements to file a claim and an answer.  (Doc. 5, p. 3.)  Further, the notice provided the name of the attorney to be served with any claim and answer.  (Doc. 5, p. 3.)  Thus, the Supplemental Rule's notice-content requirements have been satisfied.  Fed. R. Civ. P. Supp. R. G(4)(ii)(A)-(C).  Additionally, the notice was published for 30 consecutive days from February 27, 2013, through March 28, 2013, on the forfeiture website, which satisfies the Supplemental Rule's notice requirements with regard to frequency and means.  (Doc. 5, p. 4.)

### 3. Personal Notice

When the Government knows the identity of the property owner, the Due Process Clause of the Fifth Amendment requires "the Government to make a greater effort to give him notice than otherwise would be mandated."  *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action.  *Dusenbery v. United States*, 534 U.S. 161, 168 (2002); *see also* Fed. R. Civ. P. Supp. R. G(4)(b).  "Reasonable notice, however, requires only that the [G]overnment attempt to provide actual notice; it does not require that the [G]overnment demonstrate that it was successful in providing actual notice."  *Mesa Valderrama v. United States* 417 F.3d 1189, 1197 (11th Cir. 2005); *Real Property*, 135 F.3d at 1316.

The Supplemental Rules indicate that the Government must send notice of the forfeiture action "to any person who reasonably appears to be a potential claimant on the facts known to the government."  Fed. R. Civ. P. Supp. R. G(4)(b)(i).  The notice must include the following information:  the date when the notice is sent; a deadline for filing a claim that is at least 35 days after the notice is sent; that an answer or a motion under Rule 12 must be filed no later than 21

days after filing the claim; and the name of the government attorney to be served with the claim and answer. *Id.*

Here, the Government provided notice of the forfeiture action to Medina through first class mail and certified mail.[2] As required by the Supplemental Rules, the notice informed Medina of the date on which the notice was sent, the deadline for filing a claim; that if he intended to contest forfeitability, a claim must be filed with the Court within 35 days; and an answer or a motion under Rule 12 was to be filed no later than 21 days after filing a claim; and that any document filed with the Court "must be served on this office," directing service to the office of Benjamin B. Wagner, United States Attorney for the Eastern District of California located at 2500 Tulare Street, Fresno, California.[3] (Docs. 7-1, Magee Decl., Exhs. A-B.)

### 4.     The Time to File a Claim or an Answer

Pursuant to the Supplemental Rules, any person who asserts an interest in or a right in a forfeiture action must file a claim with the Court within the time specified by the direct notice. Fed. R. Civ. P. Supp. G(4)(b)(ii)(B), (5)(a)(ii)(A). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing in the forfeiture proceeding. *Real Property*, 135 F.3d at 1317. In this case, no claim or answer was filed by Medina, and his default was properly entered on April 23, 2013. (Doc. 8.)

### 5.     Conclusion

The Government has met the procedural requirements applicable to civil *in rem* forfeiture actions as set forth in 18 U.S.C. § 983, the Supplemental Rules, and the Local Rules for the U.S. District Court for the Eastern District of California. This favors the entry of default judgment and the issuance of a final judgment in forfeiture to vest in the United States all right, title, and interest in the defendant currency.

---

[2] Notice was also sent to Medina's attorney an administrative forfeiture action, Daniel K. Martin, at 2979 E. Washington Avenue, Fresno, California, 93701.

[3] The notice provides the name of the United States Attorney, Benjamin B. Wagner, indicating that service of any claim or answer must be served on the office of the United States Attorney for the Eastern District of California, at 2500 Tulare Street, Suite 4401, Fresno, California. This satisfies the notice to known potential claimants pursuant to Rule G(4)(b)(ii)(D).

C.  **Discretionary Factors**

Beyond satisfaction of the procedural requirements, the discretionary *Eitel* factors outlined by the Ninth Circuit also favor granting the Government's motion for default judgment. First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which no claimants have appeared. Second, the Government's claims appear to have merit. Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action *in rem*, including the filing of a sufficient complaint. Fourth, the item that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion. Fifth, there are no genuine disputed issues of material fact. Sixth, there is no evidence that the failure of any claimant to answer is due to excusable neglect. Finally, although merits-based decisions are always preferred, it is not practical, as here, where no claimant has appeared, and this factor is outweighed by the remainder of the *Eitel* factors.

## V.  CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff United States of America's application for default judgment and final judgment of forfeiture be GRANTED;

2. Default judgment be ENTERED against the interest of Medina;

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-eight (28) days of service of this recommendation, any party may file written objections to this order with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Order." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district

///

///

///

judge's order.  Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**June 18, 2013**__               **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE